IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED AND FILED
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, PR

2017 AUG 22 AM 10:36

**UNITED STATES OF AMERICA,**
Plaintiff,

v.

CRIMINAL NO. 16-777 (PAD)

**JEREMI MARTINEZ LEON,**
Defendant.

## PLEA AND FORFEITURE AGREEMENT
(Pursuant to Fed. R. Crim. P. 11(c)(1)(B))

TO THE HONORABLE COURT:

COMES NOW, the United States of America, by and through its attorneys for the District of Puerto Rico: **Rosa Emilia Rodríguez-Vélez**, United States Attorney, **Timothy Henwood**, First Assistant United States Attorney, **Jenifer Y. Hernandez-Vega**, Assistant United States Attorney and Deputy Chief, Violent Crimes and RICO Unit, and **Camille García Jiménez**, Special Assistant United States Attorney, along with Defendant, **Jeremi Martínez León**, and his counsel, **Vivian Torralbas**, and, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state to this Honorable Court that they have reached a Plea and Forfeiture Agreement, the terms and conditions of which are as follows:

1. **COUNT TO WHICH DEFENDANT PLEADS GUILTY**

Defendant agrees to plead guilty to Count One.

**Count One:**

On or about December 1, 2016, in the District of Puerto Rico and within the jurisdiction of this Court, **Jeremi Martínez León**, the defendant herein, having been convicted in court of a crime punishable by imprisonment for a term exceeding one (1) year, did knowingly and unlawfully possess in and affecting interstate commerce, firearms and ammunition, as those terms are defined in Title 18, United States Code, § 921(a)(3) and (17)(A) respectively, that is, (A) AR type pistol, .223 caliber, with no serial number; (B) a Glock pistol, .40 caliber, model 23, bearing serial number KXL648 and (C) Fifty-four (54) rounds of ammunition, said firearms and ammunitions having been shipped and transported in interstate or foreign commerce. All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

2.  **MAXIMUM PENALTIES**

The maximum statutory penalties for the offense charged in Count One of the Indictment is a term of imprisonment of not more than ten (10) years, pursuant to Title 18, United States Code, Section 924(a)(2); a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), pursuant to Title 18, United States Code, Section 3571(b)(3); a supervised release term of not more than three (3) years, pursuant to Title 18, United States Code, Section 3583(b)(2); and a Special Monetary Assessment of one hundred dollars ($100.00), pursuant to Title 18, United States Code, Section 3013(a)(2)(A).

### 3. SENTENCING GUIDELINES APPLICABILITY

Defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with Title 18, United States Code, Sections 3551-3586, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which have been rendered advisory by the United States Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished and that the imposition of his sentence may not be suspended.



### 4. SPECIAL MONETARY ASSESSMENT

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a)(2)(A).

### 5. FINES AND RESTITUTION

Defendant is aware that the Court may, pursuant to U.S.S.G. Section 5E1.2, order him to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation, or supervised release ordered. The Court may also impose restitution. The United States will make no recommendations as to the imposition of fines and restitution.

### 6. RULE 11(c)(1)(B) WARNINGS

Defendant is aware that his sentence is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the Guidelines Policy Statements, Application, and Background Notes. Further, Defendant understands and acknowledges that the

Court is not a party to this Plea and Forfeiture Agreement and thus, is not bound by this agreement or the sentencing calculations and recommendations contained herein. Defendant specifically acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which Defendant is pleading guilty. Defendant is aware that the Court may accept or reject the Plea and Forfeiture Agreement, or may defer its decision whether to accept or reject the Plea and Forfeiture Agreement until it has considered the pre-sentence investigation report. See Fed. R. Crim. P. 11(c)(3)(A). Should the Court impose a sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of the obligations under this Plea and Forfeiture Agreement. See Fed. R. Crim. P. 11(c)(3)(B).

7. **APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES**

Defendant is aware that pursuant to the decision issued by the Supreme Court of the United States in United States v. Booker, 543 U.S. 220 (2005), the Guidelines are no longer mandatory and must be considered effectively advisory. Therefore, after due consideration of the relevant factors enumerated in Title 18, United States Code, Section 3553(a), the United States and Defendant submit the following advisory Guidelines calculations:

| PLEA AGREEMENT SENTENCING GUIDELINE CALCULATION TABLE COUNT ONE: T. 18 U.S.C. § 922 (g)(1) ||
|---|---|
| BASE OFFENSE LEVEL [U.S.S.G. §2D1.1] | 20 |
| Acceptance of Responsibility pursuant to U.S.S.G. § 3E1.1 | -3 |
| TOTAL OFFENSE LEVEL | 17 |
| IMPRISONMENT RANGE:<br>IF CRIMINAL HISTORY CATEGORY I<br>IF CRIMINAL HISTORY CATEGORY II | (24-30)<br>(27-33) months |

8.  **SENTENCE RECOMMENDATION**

After due consideration of the relevant factors enumerated in Title 18, United States Code, Section 3553(a), for Count One the Government will request a sentence of imprisonment at the middle range of the applicable sentencing guidelines and the defendant will request a sentence of imprisonment at the lower end of the sentencing guidelines range at a total offense level of 17 when combined with defendant's criminal history category as determined by the Court.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation constitutes a material breach of the Plea and Forfeiture Agreement.

9.  **NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do **not** stipulate as to any Criminal History Category for Defendant.

### 10. WAIVER OF APPEAL

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is within or below the guideline range for the total offense level calculated in this plea agreement when combined with the defendant's criminal history category as determined by the Court, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

### 11. NO FURTHER ADJUSTMENTS OR DEPARTURES

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under Title 18, United States Code, Section 3553 shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure will be considered a material breach of this Plea and Forfeiture Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

### 12. SATISFACTION WITH COUNSEL

Defendant represents to the Court that he is satisfied with counsel, **Vivian Torralba**, and asserts that counsel has rendered effective legal assistance.

### 13. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this Plea and Forfeiture Agreement he surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal Defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

## 14. STIPULATION OF FACTS

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea and Forfeiture Agreement. Defendant adopts the Stipulation of Facts and agrees that the

facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

### 15. FIREARMS FORFEITURE

Pursuant to Title 18, <u>United States Code</u>, Section 924(d) and Title 28, <u>United States Code</u>, Section 2461(c), the defendant agrees to forfeit all of his right, title, and interest in the following property (hereafter, collectively, the "Property" that is, an AR type pistol .223 caliber; forty-eight (48) rounds of .223 caliber ammunition; a 23 Glock pistol .40 caliber, bearing serial number KXL648; six (6) rounds of .40 caliber ammunition; a 9mm high capacity magazine and a .223 high capacity magazine. Defendant acknowledges that he possessed the Property in violation of Title 18, <u>United States Code</u>, Section 922(g)(1), as set forth in Count One of the Indictment, and that the Property is therefore subject to forfeiture to the United States.

### 16. LIMITATIONS OF PLEA AND FORFEITURE AGREEMENT

This Plea and Forfeiture Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

### 17. ENTIRETY OF PLEA AND FORFEITURE AGREEMENT

This written agreement constitutes the complete Plea and Forfeiture Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea and Forfeiture Agreement and denies the existence of any other term and conditions not stated herein.

### 18. AMENDMENTS TO PLEA AND FORFEITURE AGREEMENT

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

### 19. VOLUNTARINESS OF GUILTY PLEA

Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

_____
**Timothy Henwood**
First Assistant U.S. Attorney
Dated: 7-26-17

_____
**Jenifer Y. Hernandez-Vega**
Assistant U.S. Attorney
Deputy Chief, Violent Crimes & RICO Unit
Dated: 7\26\2017

_____
**Camille García Jiménez**
Special Assistant U.S. Attorney
Dated: 7\20\17

_____
**Vivian Torralbas - Halais**
Counsel for Defendant
Dated: 08\22\2017

_____
**Jeremi Martínez León**
Defendant
Dated: 08\22\2017

## UNDERSTANDING OF RIGHTS

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines, Policy Statements, Application,</u> and <u>Background Notes</u> which may apply in my case. I have read this Plea and Forfeiture Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the plea agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 08\22\2017

Jeremi martinez Leon
**Jeremi Martínez León**
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines, Policy Statements, Application,</u> and <u>Background Notes</u>, and I have fully explained to Defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part of this Plea and Forfeiture Agreement with Defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea and Forfeiture Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 08/22/2017

Vivian Torralbas - Halais
Counsel for Defendant

10

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America and Defendant, **Jeremi Martínez León**, agree that the following recitals provide a true and accurate summary of the facts leading to Defendant's acceptance of criminal responsibility for violation of Title 18 United States Code Section 922(g)(1). The following is a synopsis of the facts in this case:

On December 1, 2016, at approximately 5:00 pm, Puerto Rico Police (PRPD) Agents assigned to the Cayey Narcotics Unit received confidential information regarding armed individuals on board of a stolen Black Jeep Wrangler, license plate HVU-893, who were currently located at "Cayey Memorial Funeral" in Cayey. Puerto Rico Department of Motor Vehicles records reflected that the Jeep Wrangler was stolen. PRPD Agents conducted a surveillance at the aforementioned location and observed the Jeep Wrangler. The Agents followed the vehicle to a nearby McDonald's. When the Agents attempted to stop the car, one of the passengers exited the vehicle with a firearm and did not comply with PRPD Agent's commands. A shooting exchange initiated between the PRPD Agents and such passenger, which resulted in his death.

The remaining occupants of the stolen vehicle were removed from the vehicle and arrested. The driver, Jeremi MARTINEZ-LEON, was found to be wearing a small bag containing seven (7) rounds of .223 rifle ammunition. PRPD Agents also found and seized the following items which were located on the floor of the front passenger area of the vehicle: One (1) AR type pistol .223 caliber, model unknown, loaded with one (1) .223 caliber High capacity magazine with 28 rounds of .223 caliber ammunitions; two (2) loose rounds of .223 caliber ammunition and one (1) 9mm High capacity magazine. PRPD Agents also recovered from the pavement, right next to the

vehicle, one (1) Glock Pistol .40 caliber, model 23, bearing serial number KXL648 loaded with six (6) rounds of .40 caliber ammunitions.

On December 2, 2016 at approximately 3:00pm, MARTINEZ stated that he wanted to speak to ATF Agents without the presence of an attorney. ATF Agents read MARTINEZ his Miranda rights. After understanding and signing the form, MARTINEZ stated that the Glock Pistol, model 23, .40 caliber, bearing serial number KXL648 loaded with six (6) rounds of .40 caliber ammunitions belonged to him and that he was well aware of the other firearms that were recovered.

The investigation revealed that no firearms or ammunitions, including the ones seized in this case, are manufactured in the Commonwealth of Puerto Rico and therefore the firearms and ammunitions were shipped or transported in interstate or foreign commerce.

For purposes of this plea agreement, Jeremi MARTINEZ LEON admits that he has previously been convicted of a crime punishable by imprisonment for a term exceeding one year and that this offense involved firearms that are capable of accepting a large capacity magazine.

At trial, the United States would have proven beyond a reasonable doubt that Defendant is guilty as charged in Count One of the Indictment. This would have been proven through physical and documentary evidence, including, but not limited to, live testimony of PRPD agents and federal agents, the firearms and ammunitions recovered at the scene, photographs, documents and other physical evidence.

Discovery was timely made available to Defendant for review.

_____
**Camille García Jiménez**
Special Assistant United States Attorney
Dated: 7/26/17

_____
**Vivian Torralbas - Habais**
Counsel for Defendant
Dated: 08/22/2017

Jeremi martinez Leon
_____
**Jeremi Martínez León**
Defendant
Dated: 08/22/2017